UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIM A. ETIENNE,<br><br>            Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant. | CASE NO. 21-cv-1429<br><br>ORDER |

      This is a medical negligence case. At the time the matter was filed, Plaintiff Kim Etienne was represented by counsel, but his attorneys have since withdrawn from the case and Plaintiff now proceeds *pro se*. After his attorney's withdrew, Defendant United States of America filed a motion to compel discovery, which is still pending, and a motion to extend certain pretrial deadlines while the Court considers its motion to compel. The Court addresses the motion to modify the pretrial deadlines and other issues below.

      So long as there is good cause, whether to modify trial dates is within the Court's discretion. Fed. R. Civ. P. 16(b)(4); LCR 16(b)(6); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Here, Defendant argues that its motion to compel discovery is still pending, and suggests that information it might glean from the disputed depositions would be useful on

ORDER - 1

summary judgment. It follows, Defendant argues, that it "should be afforded an opportunity to take these depositions prior to the dispositive motion deadline…" Without ruling on its merits, the Court agrees that good cause exists to extend the dispositive motion deadline while the Court considers Defendant's motion to compel. Plaintiff failed to file papers in opposition to Defendant's motion to modify the pretrial dates, so the Court considers his failure an admission that Defendant's motion has merit. LCR 7(b)(2).

The Court has little trouble granting Defendant's motion, but setting the appropriate deadlines is a different matter. This case has been continued several times previously, and the Court is not inclined to do so again, but some of the current deadlines are unreasonable in light of the circumstances. *See Dietz v. Bouldin*, 579 U.S. 40, 47, 136 S. Ct. 1885, 1892 (2016) (stating "district courts have the inherent authority to manage their dockets . . . with a view toward the efficient and expedient resolution of cases.").

Accordingly, the Court GRANTS Defendant's Motion For Extension of Pre-Trial Deadline. Dkt. No. 46. All discovery must be completed by September 29, 2023. All dispositive motions must be filed by October 5, 2023. Defendant's motion is DENIED to the extent it seeks to extend the *Daubert* motion deadline. The Court has not previously set a deadline for *Daubert* motions, and it will not do so now.

The Court also DIRECTS the parties to meet and confer and to file a Joint Status Report by August 30, 2023, indicating (i) Plaintiff's efforts, if any, to obtain replacement counsel, (ii) the estimated number of witnesses each side will call at trial, and (iii) the estimated time to try the case.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

It is so ORDERED.

ORDER - 2

Dated this 9th day of August, 2023.

Jamal N. Whitehead
United States District Judge

ORDER - 3