UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIM A. ETIENNE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | CASE NO. 21-cv-01429<br><br>ORDER FOR RULE 17 COMPETENCY HEARING |

The Court raises the issues addressed below *sua sponte*.

## BACKGROUND

Plaintiff Kim Etienne began this case represented by counsel, but following a hearing before U.S. Magistrate Judge Kate Vaughan, his attorneys withdrew in December 2022. Dkt. Nos. 34–36. Since then, Plaintiff has proceeded *pro se*. Recently, the parties reached an impasse concerning several discovery issues, and Defendant United States of America moved to compel Plaintiff's deposition, as well as the depositions of his wife and retained medical expert. Dkt. No. 40. Plaintiff opposed the motion, but he filed his brief late.[1] He claims his late filing was owed to

---

[1] Plaintiff filed his opposition one day before the noting date on Defendant's motion, but Defendant did not request more time to file a response and filed a timely reply brief. As a result, the Court finds that Plaintiff's late filing caused Defendant no prejudice. The Court will consider

ORDER FOR RULE 17 COMPETENCY HEARING - 1

"error, mistake, [and] illness but not purposely done." Dkt. 48 at 4. In his opposition brief, Plaintiff raised concerns about the withdrawal of counsel, among other things. Specifically, in what appears to be a reference to the hearing on the withdrawal of his previous counsel, he states "[t]he Plaintiff was not heard, Emergency Hearing closed video or audio file of the hearing are placed under seal that I wasn't able to review or provide a copy to me for which review which I feel was prejudicial and has impacted my case which now brings us to this point in time I have zero representation." Dkt. No. 43 at 2. Plaintiff explains further that he was "not heard [n]or was a written statement entered on his behalf" at the hearing before Judge Vaughan. *Id.* Because he did not attend the hearing, and because the hearing documents submitted by Plaintiff's former counsel were filed under seal, it appears that Plaintiff is unfamiliar with the concerns his former counsel raised at the hearing about his competency.

## ANALYSIS

Fed. R. Civ. P. 17(c) requires district courts to take whatever measures they deem necessary to protect an incompetent person during litigation. "Although the court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.* (*Acres*), 795 F.2d 796, 805 (9th Cir. 1986). The capacity to sue is determined by the law of the plaintiff's domicile. Fed. R. Civ. P. 17(b)(1). Washington courts presume that a civil litigant is competent, except "when reasonably convinced that a party litigant is not competent, understandingly and intelligently, to comprehend the significance of

---

Plaintiff's untimely opposition in the interest of justice given his *pro se* status. *See Taylor v. Fairfield Resorts, Inc./Wyndham,* 207-CR-01602-RCJ-GWF, 2009 WL 5195973, at *4 (D. Nev. Dec. 23, 2009) (considering pro se plaintiff's late filing).

ORDER FOR RULE 17 COMPETENCY HEARING - 2

[the] legal proceedings and the effect and relationship of such proceedings in terms of the best interests of such party litigant." *Graham v. Graham*, 240 P.2d 564, 565 (Wash. 1952); *see Life Ins. Co. of N. Am. v. Hamilton*, C20-6046 BHS, 2021 WL 1894029, at *1 (W.D. Wash. May 11, 2021) (citing *Graham*, 240 P.2d 564)).

Here, the Court finds evidence in the record raising substantial questions about Plaintiff's competence and his ability to litigate this case on his own. This is based on the records maintained under seal, Plaintiff's recent representation that "illness," at least in part, prevented him from filing a timely response to Defendant's motion to compel, and the Court's observation that Plaintiff's wife, non-party Charlene Etienne, may be attempting to act as Plaintiff's attorney in this matter.[2] For example, Charlene Etienne has signed several pleadings as Plaintiff's "Assistant," suggesting that she may have played a role in drafting the documents. Dkt. Nos. 43 at 17; 48 at 5. And there are emails in the record in which Charlene Etienne communicates directly with opposing counsel, arguing about various matters at issue. *See* Dkt. No. 43 at 6, 16.

Under these circumstances, the Court failing to inquire further about Plaintiff's competence "is not an abuse of discretion but a failure to exercise legally required discretion." *Acres*, 795 F.2d at 805. "The preferred procedure when a substantial question exists regarding the mental competence of a party proceeding pro se is for the district court to conduct a hearing to determine whether or not the party is competent . . . ." *Krain v. Smallwood,* 880 F.2d 1119, 1121 (9th Cir. 1989).

Federal courts in this circuit have found that a broad range of evidence may inform the court's decision at such a hearing, including the court's own observations about the plaintiff's

---

[2] Any person who is representing himself or herself pro se may do so personally, but they cannot delegate that duty to another person who is not an attorney, including a spouse. *Baker v. Ward*, C23-138 BHS, 2023 WL 4446966, at *1 (W.D. Wash. July 11, 2023); *Palik v. Guam Behav. Health & Wellness Ctr.*, No. CV 21-00026, 2022 WL 1138190, at *3 (D. Guam Apr. 18, 2022).

ORDER FOR RULE 17 COMPETENCY HEARING - 3

manner, behavior, and general mental state through court-led questioning. *See AT&T Mobility, LLC v. Yeager,* 143 F. Supp. 3d 1042, 1050 (E.D. Cal. 2015).

In the meantime, the Court STRIKES the current trial date and other associated case deadlines and will hold Defendant's motion to compel in abeyance until the Court's competency inquiry is complete.

## CONCLUSION

Accordingly, the Court ORDERS as follows:

The Clerk of the Court will provide Plaintiff with a copy of the document maintained under seal at Dkt. No. 31.

The Court will hold a competency hearing within 14 days of the date of this order.

The Court STRIKES the trial date and CONTINUES all related dates in this matter pending Plaintiff's response and Rule 17 proceedings, after which the Court will issue new deadlines.

Dated this 21st day of September, 2023.

Jamal N. Whitehead
United States District Judge